**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. CJC-25-02052** |
| **ADOLFO NIMROD HERNANDEZ-RAMOS,** | * | |
| | * | |
| | * | |
| **Defendant.** | * | |

*******

**MOTION TO EXCLUDE TIME**
**PURSUANT TO THE SPEEDY TRIAL ACT**

Comes now, the United States of America, by and through its counsel, Kelly O. Hayes, the United States Attorney for the District of Maryland, and Gerald A.A. Collins, Assistant United States Attorney for the District of Maryland, and Carolyn Mills, Special Assistant United States Attorney for the District of Maryland, to submit this Motion to Exclude Time Pursuant to the Speedy Trial Act. In support of this motion, the government states as follows:

1. The Defendant was initially charged by criminal complaint and later by criminal information with assaulting, resisting, opposing, impeding, interfering with federal officers in violation of 18 U.S.C. § 111. Following detention proceedings, on or about October 20, 2025, the Defendant was released to Immigration and Customers Enforcement (ICE) custody on a detainer. The Defendant is currently in ICE custody in removal proceedings. The Defendant is in custody outside the District of Maryland. The government last inquired with ICE as to the Defendant's status on December 3, 2025, and, once received, relayed that status to defense counsel on December 5, 2025. The Court has previously granted a motion to exclude time under the Speedy Trial Act pending a status report to the Court.

2. The government requests that the Court set a further status report date in approximately 30 days for the parties to report to the Court on whether to schedule a trial. The period of time requested herein will serve several important interests of justice, including: allowing for the parties to discuss the

case further; for defense counsel to make contact with the Defendant, who as stated is currently in custody on other proceedings outside of the District of Maryland; for the parties to assess the likely disposition of the Defendant's removal proceedings; for the parties to consider options such as potential pretrial resolutions, pretrial motions, trial, or other options; and for the parties to prepare for trial. Specifically, the government requests that the parties be allowed to report on the status of this case on or before January 10, 2026, and that the computation of time under the Speedy Trial Act be excluded through that date, January 10, 2026.

3. In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1).

4. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

5. In light of the foregoing, the government submits that the ends of justice served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the Defendant and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant

to 18 U.S.C. § 3161(h)(7). Specifically, as discussed above, the requested time will serve several important interests of justice, including: allowing for the parties to discuss the case further; for defense counsel to make contact with the Defendant, who as stated is currently in custody on other proceedings outside of the District of Maryland; for the parties to assess the likely disposition of the Defendant's removal proceedings; for the parties to consider options such as potential pretrial resolutions, pretrial motions, trial, or other options; and for the parties to prepare for trial. Given this, the government believes that holding a trial within 70 days would deny the parties the reasonable time necessary for effective preparation. For those reasons, the government requests that the parties be allowed to report on the status of this case on or before January 10, 2026, and that the computation of time under the Speedy Trial Act be excluded through that date, January 10, 2026.

6. The government inquired with defense counsel on the defense's position on this request. Defense counsel advised the government by email on December 8, 2025, that counsel would "take no position on your request for a 30 day extension of the speedy trial clock." For the reasons discussed above, the government believes that the circumstances of this case do support the requested exclusion of time.

7. The government submits that the defendant will not be prejudiced by the grant of this motion. The ends of justice will be served by excluding this time period in computing the time within which a trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and the Defendant in a speedy trial.

WHEREFORE, the government respectfully requests that the time from the granting of the requested order to and including January 10, 2026, be excluded from Speedy Trial Act computations in this case. A proposed order is submitted herewith.

Respectfully submitted, Kelly

O. Hayes
United States Attorney

/s/
Gerald Collins
Assistant United States Attorney
Carolyn Mills
Special Assistant United States Attorney
36 S. Charles Street, 4th Floor
Baltimore, Maryland 21201-2692
(410) 209-4800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system and thereby served counsel for the Defendant on the date of filing.

By: /s/
Gerald Collins
Assistant United States Attorney
Carolyn Mills
Special Assistant United States Attorney